EASTERN DIST.
*May*, 1840.

HUGHES
*vs.*
HIS CREDITORS.

HUGHES *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The syndicship is a personal trust which cannot be delegated to another. The syndic may empower an agent to do a particular act, especially in a place distant from his domicil.

The court is not authorized to remove a syndic from office for mere absence from the state, no matter how short. It is not a momentary absence from the state, but the personal neglect of the interests confided to him, that justify his removal.

The creditors should be the judges, whether their interests require another syndic should be appointed; who, although under the supervision of the court, is properly the mandatory of the creditors.

On the 28th May, 1838, P. Soulé, Esquire, one of the creditors of the insolvent, came and informed the court, that J. B. Marks, who was appointed syndic of the creditors of the insolvent, had, without leave or authority, absented himself from the state; took a rule, that he be notified at the place of his domicil, to show cause within ten days, why he should not be removed from office, and a new syndic appointed. The attorney of the syndic in answer to the ruled, stated that on leaving the state temporarily for the benefit of his health, he had left an agent duly authorized to represent him; and that such absence is not cause of removal.

On the trial, the judge presiding was of opinion that the syndic being admitted to be a notary public, domiciliated in the city and parish of New-Orleans, had no right to transfer his charge to an attorney in fact, made the rule absolute; and removed the syndic from his appointment. His attorney appealed.

*Benjamin*, for the appellant.

1. The syndic is rather the mandatory of the creditors, than an officer of the court. His appointment comes from the creditors, and although his administration is subject to the supervision of the court, yet the contract of mandate between

him and the creditors cannot be annulled by the judge, who should have ordered a meeting of creditors, to determine whether they wished to appoint another syndic, or were satisfied with the administration of Marks.

2. If, in the absence of express statutory law relative to syndics, we recur to analogous cases, the error of the court below will appear still more clearly. There is no office known to our law, of which the duties are so similar to those of syndics, as the office of curator of vacant successions. In very numerous points of administration their duties are precisely the same. But the Civil Code, far from depriving a curator of his office, on account of a temporary absence, expressly permits it, provided the curator do what the syndic did in the present case, *i. e.* appoint an agent to represent him, and, provided also, no damage accrues to the creditors. See *Louisiana Code*, 1145, 1149, *section* 3.

*Cohen*, on the same side, contended that there was no law authorizing this proceeding, or empowering the judge to remove a syndic.

*Soulé*, contra.

*Morphy, J.*, delivered the opinion of the court.

Joseph B. Marks is appellant from a decree of the Parish Court, removing him from the office of syndic of the creditors of this insolvent. This order was made, on a rule to that effect, taken by P. Soulé, one of the creditors. The ground assumed was that the syndic had absented himself from the state without leave or authority. The latter, in answer to this rule, averred that on leaving the state, he had left agents duly authorized to represent him; that his absence, which was temporary, had been rendered necessary by the state of his health, and was not such a cause as authorized his removal: he annexed to his answer a power of attorney which he had left with J. B. Marks and M. M. Cohen, authorizing them to act in his behalf as syndic of the creditors of the insolvent, during such temporary absence. The appellant was admitted to be a duly commissioned notary public

EASTERN DIST.

*May*, 1840.

HUGHES
*vs.*
HIS CREDITORS.

The syndic-
ship is a per-
sonal trust which
cannot be dele-
gated to another.
The syndic may
empower    an
agent to do a par-
ticular act, es-
pecially   in  a
place    distant
from his domi-
cil.

of this city. The judge below was of opinion that the appointed syndic had no right to transfer his trust and functions to an attorney in fact. He removed the appellant from office, and on the same day ordered a meeting of the creditors to be held in order to elect another syndic, to take charge of the affairs of the estate.

We think, with the judge *a quo*, that the syndicship is such a personal trust as cannot be assigned over or delegated to another ; the syndic for his own convenience and at his own risk, may empower an agent to do particular acts, especially in a place distant from his domicil ; but he cannot transfer his authority and powers as syndic to another. If he could, he would be substituting another syndic in lieu of the one appointed by the majority of the creditors, and recognized by the court. If, then, the act of leaving the state, even temporarily, was of itself a sufficient ground for removal, a power of attorney left behind him by the delinquent would not have availed him, but we are aware of no law authorizing the judge to pronounce such removal, and declaring any absence from the state, however short, a good cause for it,

The court is
not  authorized
to remove  a
syndic   from
office for ab-
sence from the
state, no matter
how short. It is
not a momentary
absence from the
state, but the
personal neglect
of the interests
confided to him,
that justify his
removal.

nor do we find the temporary absence of an agent mentioned among the causes which extinguish the contract of mandate. *Louisiana Code, article* 2996 ; *Pothier, contrat de mandat, number* 139. If the judge below was correct, a single day's absence from the state would deprive a syndic of his office, when our citizens are notoriously in the habit of making short trips to various places of resort over the lake as a relaxation during the summer season, when there is little or no business doing. It cannot be the bare fact of a momentary absence from the state that would justify the removal of a syndic, but the presumed neglect of the interests confided to him, and the injury likely to flow from his absence, if of any duration.

The creditors
should be the
judges whether
their interests
require another
syndic should be
appointed ; who,
although under
the supervision
of the court, is
properly    the
mandatory   of
the creditors.

There being no positive enactment on the subject, it appears to us that the creditors themselves should be made the judges in such cases, whether their interest requires that another syndic should be appointed : although acting under the supervision of the court, the syndic is properly the man

datory of the creditors, from whom he receives his appoint-
ment. On complaint being made that the appointed syndic
had departed from the state, we think that the judge should
not have went beyond ordering, as he did, a meeting of the
creditors. As to what they have done at their meeting, we
are uninformed ; but we can only say that it rested with
them to determine for themselves the course to be pursued
most consonant to their interests.

It is, therefore, ordered, adjudged, and decreed, that the
judgment of the Parish Court be avoided and reversed ; and
it is further ordered, that the rule taken in the premises be
discharged, with costs in both courts.